**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| AHMED M. NURI, | DOCKET NUMBER |
| Appellant, | SF-1221-16-0293-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: November 10, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ahmed M. Nuri, Pacific Grove, California, pro se.

Michael L. Halperin, Esquire, Monterey, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Beginning in 2005, the appellant held a series of excepted service, not-to-exceed, teaching positions with the agency's Defense Language Institute and Foreign Language Center (DLIFLC), ultimately advancing to the position of Assistant Professor. Initial Appeal File (IAF), Tab 5 at 20, 34-35. In April 2015, the agency advised him that there were some issues with his classroom performance, and on June 24, 2015, that his lesson presentation failed to meet the criteria for certification in "Principles of Language Learning." *Id.* at 28-30. On September 25, 2015, the appellant's performance was rated as "needs improvement, 1 or more objectives," *id.* at 25-26, and, on October 16, 2015, the Dean of the Middle East II School notified him that his appointment would not be renewed beyond its current not-to-exceed date of October 27, 2015, *id.* at 23. He was terminated on that date. *Id.* at 20.

¶3        On October 21, 2015, the appellant filed a complaint with the Office of Special Counsel (OSC) in which he alleged that the agency had terminated his appointment after 20 years of good service for a reason that did not support such a harsh penalty and that the real reason for the agency's action was that he had signed many "petitions," along with other coworkers, protesting gross mismanagement, abuse of authority, and favoritism by the agency. IAF, Tab 3

at 6. He indicated that he had filed actions since 2008 against various members of management, the last being a class action he filed on October 31, 2015, regarding "Rank Advancement." *Id.* The other actions he referenced included an October 15, 2015 grievance, an April 22, 2014 equal employment opportunity (EEO) complaint, a March 22, 2015 unfair labor practice (ULP) charge filed with the Federal Labor Relations Authority, and a September 15, 2015 report to the Office of Inspector General (OIG). *Id.* at 5. According to the appellant, he was terminated in retaliation for these filings *Id.* at 6. On January 29, 2016, OSC issued its letter closing its investigation. IAF, Tab 1 at 8.

¶4      On appeal, the appellant reiterated his claim that, when he was terminated, the agency provided no reason and that the real reason was that, in his many petitions, he exposed gross violations of Federal and state labor laws on the part of the agency. *Id.* at 5. He requested a hearing before the Board. *Id.* at 2.

¶5      The administrative judge issued a thorough order setting out the requirements for the appellant to establish jurisdiction and proof on the merits of his IRA appeal. IAF, Tab 6. The agency moved that the appeal be dismissed for lack of jurisdiction on the basis that it had legitimate reasons for terminating the appellant's appointment. IAF, Tab 5. In response, he challenged the merits of the termination and described in more detail the numerous actions he had filed, those referenced in his OSC complaint and others. IAF, Tab 7. Noting that the appellant had failed to respond to his first order on jurisdiction and proof requirements, the administrative judge afforded him a final opportunity to do so, IAF, Tab 8, and the appellant filed a response, IAF, Tab 9.

¶6      In an initial decision based on the written record, the administrative judge first found that the appellant's termination on the date his current not-to-exceed appointment was to expire was not an adverse action appealable to the Board and that therefore his claims could only be considered in the context of an IRA appeal. IAF, Tab 10, Initial Decision (ID) at 4-5. The administrative judge then found that the appellant had exhausted his administrative remedy before OSC as

to the following activities: (1) a November 24, 2008 OIG complaint alleging agency violations of 5 U.S.C. § 2302(b)(1) and (7);[2] (2) an April 22, 2014[3] EEO complaint alleging discrimination and favoritism in hiring; (3) a March 22, 2015 ULP alleging abuses in the hiring system; (4) an August 31, 2015 class action complaint filed in U.S. District Court for the Northern District of California alleging unfairness in the criteria for rank advancement;[4] (5) a September 15, 2015 matter he reported to the OIG; and (6) an October 15, 2015 grievance he filed alleging that the agency had unfairly evaluated his work performance. ID at 6-7. The administrative judge found that the appellant failed to exhaust his remedy as to other actions he raised on appeal because he did not identify them in his complaint to OSC. ID at 7-8.

¶7    Addressing the appellant's claim of retaliation for filing the EEO complaint (activity 2), the ULP (activity 3), the class complaint (activity 4), and the grievance (activity 6), the administrative judge found that the appellant failed to nonfrivolously allege that any of these actions sought to remedy whistleblower retaliation, as required under 5 U.S.C. §§ 1221(a), 2302(b)(9)(A), and that therefore the Board lacks jurisdiction to consider such claims in the context of an IRA appeal. ID at 10-12. Finding that the appellant had failed to nonfrivolously allege that the OIG complaints he filed (i.e., activities 1 and 5) were contributing factors to the agency's action terminating his employment, ID at 13-15, the administrative judge dismissed the appeal for lack of jurisdiction, ID at 1, 15.

---

[2] Section 2302(b)(7) addresses nepotism in hiring.

[3] The actual date of this complaint appears to be March 21, 2014. IAF, Tab 7 at 25.

[4] The appellant filed these first four actions on behalf of numerous other DLIFLC faculty members. IAF, Tab 7 at 11-14, 25-27, 35, 37-43.

¶8 The appellant has filed a petition for review,[5] Petition for Review (PFR) File, Tab 1, the agency has responded, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

¶9 On review, the appellant argues that he is an employee entitled to appeal his removal to the Board and that he was denied the due process rights attendant to such an action. PFR File, Tab 1 at 2-5, 11. He also argues that the agency failed to consider the relevant factors in determining the reasonableness of the penalty. *Id.* at 4. And, he contends that the agency based the action on 5 U.S.C. chapter 43, but failed to afford him the procedural protections required under chapter 43. *Id.* at 4-5.

¶10 To have Board appeal rights under 5 U.S.C. chapter 75, an individual must be an "employee" as defined by section 7511 (a)(1)(C)(i) or (ii) and must have suffered an "adverse action." 5 U.S.C. §§ 7511(a), 7512(1), 7513(d). The administrative judge correctly explained, however, that when, as here, an appointment's expiration is specified as a basic condition of employment, the expiration of the appointment is not an adverse action appealable to the Board, and there is no further right to Federal employment upon the appointment's expiration. *See Endermuhle v. Department of the Treasury*, 89 M.S.P.R. 495, ¶ 9 (2001); *Leonard v. Department of the Army*, 78 M.S.P.R. 492, 494 (1998); *see* 5 C.F.R. §§ 752.401(b)(11). As such, even if the appellant qualified as an "employee" within the statutory definition, no appealable adverse action occurred because his employment ended on October 27, 2015, when the final not-to-exceed appointment expired. IAF, Tab 5 at 20, 23; *see Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 9 (2010). Accordingly, as correctly determined by the administrative judge, the Board lacks jurisdiction over this appeal under 5 U.S.C. chapter 75. For that reason, the Board cannot consider the appellant's

---

[5] With his petition, the appellant stated that he provided a list of 15 "Attached Documents." PFR File, Tab 1 at 13. He has not, however, submitted any such documents.

claims regarding due process rights or the reasonableness of the penalty. Further, as to the appellant's claim that terminating his appointment was actually a performance-based action over which the Board has jurisdiction, the fact that an agency considers an employee's performance in deciding not to reappoint him fails to establish jurisdiction. *Scott*, 113 M.S.P.R. 434, ¶ 9 (citing *Shelton v. Federal Deposit Insurance Corporation*, 38 M.S.P.R. 303, 306 (1988)).

¶11    On review, the appellant next argues that the administrative judge improperly considered OSC's closure letter in determining that he failed to establish exhaustion. PFR File, Tab 1 at 6-8. Title 5 U.S.C., section 1221(f)(2) does provide that OSC's decision to terminate its investigation may not be considered in an IRA appeal. However, "[t]he purpose of this evidentiary rule . . . is to ensure that a whistleblower is not 'penalized' or 'prejudiced' in any way by OSC's decision not to pursue a case." *Costin v. Department of Health & Human Services*, 64 M.S.P.R. 517, 531 (1994). There is no statutory violation in the Board's considering of OSC's closure letter solely to determine the issue of exhaustion.[6] *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 10 (2016).

¶12    Next, the appellant argues on review that the administrative judge ignored a disclosure he made on July 19, 2013, to his dean regarding his supervisor allegedly violating 5 U.S.C. § 2302(b)(8) by engaging in mismanagement and violating school rules and regulations. PFR File, Tab 1 at 8, 10. Although the appellant insists that he set forth this argument "in his appeal to OSC," *id.* at 8,

_____

[6] The appellant argues that, because he appeared pro se before OSC, he "should not be punished for failing to comply with the stringent standards of an adversarial, court-like process during the informal preliminary stage of OSC's complaint process." PFR File, Tab 1 at 8. The Board has no control over the manner in which OSC processes complaints or the resolutions reached there. While the appellant also appeared pro se before the Board, the consideration that the Board affords pro se litigants as they pursue their appeals does not extend to a less strict interpretation of the law. And, to the extent the appellant suggests that he was hampered in presenting his appeal because he appeared without representation, it is well settled that an appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

the administrative judge found, ID at 7-8, and we agree, that the appellant did not do so, IAF, Tab 3.  Because the test of the sufficiency of an employee's charges of whistleblowing to OSC is the statement that he makes in the complaint requesting corrective action, not his post hoc characterization of those statements, *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993), the appellant has not shown that the administrative judge erred in failing to consider this matter.

¶13    The appellant further argues on review that the administrative judge erred in finding that he failed to nonfrivolously allege that his 2008 OIG complaint was a contributing factor in the agency's decision to terminate him.  PFR File, Tab 1 at 10.  Although the appellant disputes that conclusion, he does not challenge the administrative judge's underlying finding that the appellant failed to nonfrivolously allege that the individual who issued him the termination letter had knowledge of the appellant's 2008 OIG complaint and his further finding that the appellant's alleged protected activity in 2008 was too remote in time to have been a contributing factor to the appellant's 2015 termination.  ID at 13.  Thus, the appellant has not shown error in the administrative judge's finding that the appellant failed to nonfrivolously allege that, based on the knowledge/timing test, his 2008 OIG complaint was a contributing factor to his 2015 termination.  *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 11 (2003).

¶14    The administrative judge then properly considered whether the appellant raised claims that might otherwise constitute a nonfrivolous allegation of contributing factor; specifically, that the agency's reasons for taking the action were weak, that the whistleblowing was personally directed at the official who took the action, and that that individual had a motive to retaliate against the appellant.  *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012); ID at 13.  Here, the administrative judge found that, because an agency can terminate an employee at the end of a not-to-exceed appointment for any or no reason, the concerns the agency had with the appellant's performance could provide a basis

for doing so. ID at 14. On review, the appellant seeks to correct the administrative judge's misconstruing of facts, denying that he ever made any disclosure against the individual who issued him the termination notice. PFR File, Tab 1 at 10. In fact, the administrative judge specifically found that the appellant's 2008 OIG complaint was not directed at that individual and that there was no evidence that she knew about it. ID at 13-14. Because we have found that the appellant was not entitled to due process in this termination action, we reject as wholly unsupported his suggestion that that individual's alleged violation of his due process rights in taking the action somehow evidenced her ill motive. As such, the administrative judge properly found that the appellant failed to establish that his 2008 OIG complaint was a contributing factor in his termination.[7]

¶15    In sum, we conclude that the appellant has not shown that the administrative judge erred in dismissing this IRA appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[7] The appellant does not challenge on review the administrative judge's finding that the appellant failed to nonfrivolously allege that his September 15, 2015 OIG complaint was a contributing factor in his termination because he did not submit a copy of the complaint or otherwise provide any facts about it. ID at 14-15. We discern no basis to disturb that finding.

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.